SAMUEL R. FRANKLIN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF CORA M. FRANKLIN, DECEASED, PLAINTIFF, v. EMMETT C. ROWAN AND ISAAC HARRIS, DEFENDANTS.

Decided August 3, 1932.

Before Henry H. Eldredge, Circuit Court Judge.

For the plaintiff, *Boyle & Archer.*

For the defendants, *Orlando & Kisselman.*

ELDREDGE, C. C. J.   This matter comes before the court on a rule to show cause why a verdict of $10,000 awarded

the plaintiff as administrator *ad prosequendum* of the estate of his wife should not be set aside and a new trial granted.

Cora Franklin, wife of Samuel Franklin, was killed in a collision between the defendant Harris' car and the car in which she was riding September 1st, 1930, on a road leading from Freehold to Ocean Grove. At the trial of the cause a verdict was rendered in favor of Samuel Franklin, administrator as aforesaid, against the defendant Isaac Harris. Counsel for the defendant now seeks to set aside the verdict on the ground that it is excessive.

The persons surviving the decedent and entitled to recovery under our Death act consisted of the husband, who was fifty-seven years of age at the date of the death of his wife, and four children, namely: Charles, twenty-nine years of age; Jessie, twenty-four years old; Josh, twenty, and Helen, nineteen. The wife, at the date of her death, was fifty-six years of age, and according to the tables had an expectancy of life of sixteen years to seventy-two years. The husband, being one year older, would have approximately the same expectancy. Some doubt as to the correctness of the tables as applied to the decedent was created by the testimony of Dr. Jack, who had been Mrs. Franklin's physician. Charles Franklin, the eldest son, is a supervisor of schools in New York state, and married; Jessie Franklin, the second child, was self-supporting and lived at home part of the time; Josh Franklin had a position in New York and was self-supporting. Helen Franklin was attending college.

In the light of the above facts it would seem that any pecuniary loss to the two sons must be slight, and yet the jury is not compelled to disregard them entirely. The loss to the two daughters who lived at home at least part of the time, and the loss to the husband deserve careful consideration and the jury would be justified in finding them substantial.

The actual proven loss to the husband would be approximately $9 per week, allowing $7 for hire of help and $2 for laundry. The cost of boarding the help, we think, can be disregarded, for Mrs. Franklin, had she lived, would have

received the husband's support. This figure, multiplied by the expectancy of life, would approximate the sum of $7,800, which, of course, would have to be reduced to its present cash value. With these facts and figures in mind, it would appear to the court that the amount awarded is somewhat excessive.

The case of *Slifer* v. *Janoski*, 8 *N. J. Mis. R.* 928; 152 *Atl. Rep.* 444, appears to the court to be particularly helpful in deciding the present matter. In that case a woman fifty-four years of age left her surviving a husband sixty-one years old and a son nineteen years old. The Supreme Court reduced the verdict from $10,000 to $6,000.

Counsel for the plaintiff has argued that in Slifer case there was no proof of pecuniary loss beyond that incident to the relationship of husband and wife and mother and son. The court said, however, that the jury could anticipate her care of the household and make its award accordingly. The only proven pecuniary loss in the instant case is that incident to the care of the household and hence it would seem to follow that what was proven in the present case was anticipated in the Slifer case.

The age of the boy in the Slifer case is the same as the youngest child in the present case, and the average age of the husband and wife in the Slifer case is fifty-seven and one-half years, while the average age in the present case is fifty-six and one-half years.

With this comparison before us, and bearing in mind Dr. Jack's testimony that the decedent's health might deprive her of her normal expectancy of life, the court is of the opinion that the verdict should be reduced to $7,500.

If the plaintiff will accept that amount the rule will be discharged; otherwise it will be made absolute.